JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Cesar and Veronica Cucul (h/w)
145 Browning Avenue, Ewing, NJ 08638

**(b)** County of Residence of First Listed Plaintiff   Mercer, NJ
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Joel R. Rosenberg, Esq., STARK 7 STARK
401 Route 73 North, Suite 130, Marlton, NJ 08638

## DEFENDANTS

Gabriel Brothers, Inc. and GABE'S
55 Scott Avenue, Morgantown, WV 26508

County of Residence of First Listed Defendant   Monongalia, WV
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Edward J. Tuite/Nicholas Bowers, Marshall Dennehey
2000 Market Street, Suite 2300, Philadelphia, PA 19103

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government
       Plaintiff
- [ ] 2  U.S. Government
       Defendant
- [ ] 3  Federal Question
       *(U.S. Government Not a Party)*
- [x] 4  Diversity
       *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [x] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

### CONTRACT
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment
      & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted
      Student Loans
      (Excludes Veterans)
- [ ] 153 Recovery of Overpayment
      of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

### REAL PROPERTY
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

### TORTS

**PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product
      Liability
- [ ] 320 Assault, Libel &
      Slander
- [ ] 330 Federal Employers'
      Liability
- [ ] 340 Marine
- [ ] 345 Marine Product
      Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle
      Product Liability
- [x] 360 Other Personal
      Injury
- [ ] 362 Personal Injury -
      Medical Malpractice

### CIVIL RIGHTS
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/
      Accommodations
- [ ] 445 Amer. w/Disabilities -
      Employment
- [ ] 446 Amer. w/Disabilities -
      Other
- [ ] 448 Education

**PERSONAL INJURY**
- [ ] 365 Personal Injury -
      Product Liability
- [ ] 367 Health Care/
      Pharmaceutical
      Personal Injury
      Product Liability
- [ ] 368 Asbestos Personal
      Injury Product
      Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal
      Property Damage
- [ ] 385 Property Damage
      Product Liability

### PRISONER PETITIONS
**Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate
      Sentence
- [ ] 530 General
- [ ] 535 Death Penalty
**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee -
      Conditions of
      Confinement

### FORFEITURE/PENALTY
- [ ] 625 Drug Related Seizure
      of Property 21 USC 881
- [ ] 690 Other

### LABOR
- [ ] 710 Fair Labor Standards
      Act
- [ ] 720 Labor/Management
      Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical
      Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement
      Income Security Act

### IMMIGRATION
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration
      Actions

### BANKRUPTCY
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal
      28 USC 157

### PROPERTY RIGHTS
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated
      New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets
      Act of 2016

### SOCIAL SECURITY
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

### FEDERAL TAX SUITS
- [ ] 870 Taxes (U.S. Plaintiff
      or Defendant)
- [ ] 871 IRS—Third Party
      26 USC 7609

### OTHER STATUTES
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC
      3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and
      Corrupt Organizations
- [ ] 480 Consumer Credit
      (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer
      Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/
      Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information
      Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure
      Act/Review or Appeal of
      Agency Decision
- [ ] 950 Constitutionality of
      State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [ ] 1 Original
      Proceeding
- [x] 2 Removed from
      State Court
- [ ] 3 Remanded from
      Appellate Court
- [ ] 4 Reinstated or
      Reopened
- [ ] 5 Transferred from
      Another District
      *(specify)*
- [ ] 6 Multidistrict
      Litigation -
      Transfer
- [ ] 8 Multidistrict
      Litigation -
      Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Plaintiffs are Citizens of New Jersey; Defendants are incorporated and have principal place of business in West Virginia (Diversity)

Brief description of cause:
Plaintiff allegedly had a rack fall on his (premises liability)

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION
      UNDER RULE 23, F.R.Cv.P.

DEMAND $
in excess of $75,000

CHECK YES only if demanded in complaint:
JURY DEMAND:   [x] Yes   [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE
January 6, 2022

SIGNATURE OF ATTORNEY OF RECORD
/s/ Nicholas D. Bowers

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Cesar and Veronica Cucul (h/w) | : | CIVIL ACTION |
| v. | : | |
| Gabriel Brothers, Inc.; GABE's, John Does, et. al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.                    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.                    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court.  (See reverse side of this form for a detailed explanation of special
management cases.)                    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          (✓)

| | | |
|---|---|---|
| 01/062022 | /s/ Nicholas D. Bowers | Gabriel Brothers, Inc. and GABE'S |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-575-2742 | 215-575-0856 | ndbowers@mdwcg.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Cesar and Veronica Cucul (h/w) | : | CIVIL ACTION |
| v. | : | |
| Gabriel Brothers, Inc.; GABE's, John Does, et. al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)          ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          (✓)


| 01/062022 | /s/ Nicholas D. Bowers | Gabriel Brothers, Inc. and GABE'S |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-575-2742 | 215-575-0856 | ndbowers@mdwcg.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 145 Browning Avenue, Ewing, NJ 08638 _____

Address of Defendant: _____ 55 Scott Avenue, Morgantown, WV 26508 _____

Place of Accident, Incident or Transaction: _____ 495 S. Oxford Road, Suite A, Fairless Hills, PA 19030 _____

---

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 01/06/2022 _____ *(Must sign here)* _____ 315198

*Attorney-at-Law / Pro Se Plaintiff* _____ *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A.**   *Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☐ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
  *(Please specify):* _____

**B.**   *Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☑ 6. Other Personal Injury *(Please specify):* _____ Premises
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
  *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or pro se plaintiff*, do hereby certify:

- ☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

- ☐ Relief other than monetary damages is sought.

DATE: _____   Sign here if applicable _____   _____

*Attorney-at-Law / Pro Se Plaintiff* _____ *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CESAR CUCUL; and,<br>VERONICA CUCUL | : | CIVIL ACTION |
| | : | |
| Plaintiffs | : | |
| | : | NO. |
| v. | : | |
| | : | |
| GABRIEL BROTHERS, INC.; and, | : | |
| | : | |
| GABE'S; and, | : | |
| | : | |
| JOHN DOES 1-10 (fictitious property<br>Owner); and, | : | |
| | : | |
| JOHN DOES 11-21 (fictitious property<br>Manager) | : | |
| | : | |
| Defendants | : | |

| | | |
|---|---|---|
| CESAR CUCUL; and,<br>VERONICA CUCUL | : | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY |
| Plaintiffs | : | |
| | : | NOVEMBER TERM, 2021 |
| v. | : | NO. 01069 |
| | : | |
| GABRIEL BROTHERS, INC.; and, | : | |
| | : | |
| GABE'S; and, | : | |
| | : | |
| JOHN DOES 1-10 (fictitious property<br>Owner); and, | : | |
| | : | |
| JOHN DOES 11-21 (fictitious property<br>Manager) | : | |
| | : | |
| Defendants | : | |

## NOTICE OF REMOVAL

To:   Joel Rosenberg, Esquire                 Prothonotary
      STARK & STARK                            Court of Common Pleas

401 Route 73 North, Suite 130                    Philadelphia County
Marlton, NJ 08053                                City Hall
*(counsel for Plaintiff)*                        Philadelphia, PA 19107

PLEASE TAKE NOTICE that the Defendants, Gabriel Brothers, Inc. and GABE'S, in a

lawsuit styled *"Cesar Cucul and Veronica Cucul v. Gabriel Brothers, Inc., GABE'S, John Does*

*1-10 and John Does 11-21"),* November Term 2021, No. 01069, in the Court of Common Pleas

of Philadelphia County, Pennsylvania, filed a Notice of Removal of said action to the United

States District Court for the Eastern District of Pennsylvania on January 6, 2022.

                                    MARSHALL DENNEHEY WARNER
                                        COLEMAN & GOGGIN

                                    */s/ Nicholas D. Bowers*
                        BY:         _____
                                    EDWARD J. TUITE
                                    NICHOLAS D. BOWERS
                                    Attorneys for Defendants,
                                    Gabriel Brothers, Inc. and "GABE'S"

DATED: 1/6/22

## CERTIFICATE OF SERVICE

I, NICHOLAS D. BOWERS, counsel for Defendants, Gabriel Brothers, Inc. and "GABE'S," hereby certify that a true and correct copy of the foregoing Notice of Removal was served electronically and via First Class Mail upon the following counsel:

Joel Rosenberg, Esquire
STARK & STARK
401 Route 73 North, Suite 130
Marlton, NJ 08053

MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN

BY:  */s/ Nicholas D. Bowers*
_____
NICHOLAS D. BOWERS

1/6/22

## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CESAR CUCUL; and, | : | |
| VERONICA CUCUL | : | CIVIL ACTION |
| | : | |
| Plaintiffs | : | |
| | : | NO. |
| v. | : | |
| | : | |
| GABRIEL BROTHERS, INC.; and, | : | |
| | : | |
| GABE'S; and, | : | |
| | : | |
| JOHN DOES 1-10 (fictitious property | : | |
| Owner); and, | : | |
| | : | |
| JOHN DOES 11-21 (fictitious property | : | |
| Manager) | : | |
| | : | |
| Defendants | : | |

## PETITION FOR REMOVAL

**TO:    CLERK OF COURT OF THE UNITED STATES DISTRICT
COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

Pursuant to 28 U.S.C. § 1441(b), Removal based on diversity of citizenship, Defendants

Gabriel Brothers, Inc. and "GABE'S" (hereinafter collectively "Gabriel Brothers"), files this Notice

of Removal from The Court of Common Pleas of Philadelphia, PA, to the United States District

Court for the Eastern District of Pennsylvania, averring as follows:

1.    On or about November 19, 2021, Plaintiffs, Cesar Cucul and Veronica Cucul, filed a

Complaint against Defendants, Gabriel Brothers, Inc. and "GABE'S"[1] as well as John Does 1-10

and 11-21 in the Court of Common Pleas of Philadelphia County requesting damages in an amount

---

[1] "GABE'S" is not a proper jural entity, but rather is a d/b/a or trade name for Gabriel Brothers, Inc.

greater than $50,000. A true and correct copy of Plaintiffs' Complaint, Philadelphia Court of Common Pleas November Term, 2021, No. 01069, , is attached hereto as Exhibit "A."

2.      Plaintiffs allege in their Complaint that they are residents of the State of New Jersey. See Exhibit "A" at ¶¶ 1-2.

3.      Plaintiffs allege in their Complaint that the incident giving rise to this litigation involved the alleged collapse of a clothing rack on Plaintiff, Cesar Cucul. See Exhibit "A" at ¶¶ 19-20.

4.      Plaintiffs further allege that the subject alleged incident occurred at a Gabriel Brothers store located at 496 S. Oxford Valley Road, Suite A, Fairless Hills, PA 19030, which is in Buck County, PA. See Exhibit "A" at ¶ 18.

5.      Defendants, Gabriel Brothers, Inc. and "GABE'S," were served with the Complaint on December 10, 2021 at Gabriel Brothers' principal place of business and corporate headquarters, located in West Virginia at 55 Scott Avenue, Morgantown, WV 26508. See Affidavit of Service, attached hereto as Exhibit "B."

6.      On December 29, 2021, Gabriel Brothers filed Preliminary Objections to Plaintiffs' Complaint, challenging venue among other issues. Gabriel Brothers' Preliminary Objections are attached hereto as Exhibit "C."

7.      Attached as an Exhibit to the Preliminary Objections is the Affidavit of Ryan N. Armstrong, Esq., Corporate Counsel for Risk & Liability at Gabriel Brothers, Inc. d/b/a GABE'S. The Affidavit of Ryan N. Armstrong is attached hereto as Exhibit "D"

8.      The Affidavit of Mr. Armstrong contains the following averments which are relevant for purposes of this Petition for Removal:

> Gabriel Brothers, Inc. d/b/a GABE'S is a privately held retailer headquartered in Morgantown, West Virginia.

"GABE'S" is a fictitious name and d/b/a for the West Virginia business entity, Gabriel Brothers, Inc.

GABE'S, a fictitious name, is not a business entity of any form nor a proper jural entity.

Gabriel Brothers, Inc. d/b/a GABE'S principal place of business is located at 55 Scott Avenue, Morgantown, WV 26508.

See Exhibit "D," Affidavit of Ryan N. Armstrong.

9.     As set forth above, "GABE'S" is not a proper jural entity but rather is a fictitious name and d/b/a for Defendant, Gabriel Brothers, Inc.  Gabriel Brothers, Inc. is a West Virginia corporation with its corporate headquarters and principal place of business located in West Virginia. See Exhibit "D," Affidavit of Ryan M. Armstrong. See also Exhibit "B," Affidavit of Service reflective of service upon Gabriel Brothers in Morgantown, West Virginia.

10.     On or December 27, 2021, counsel for Gabriel Brothers contacted counsel for Plaintiff and requested that counsel stipulate that the amount in controversy in this case is less than $75,000.  See correspondence dated to December 27, 2021 and proposed stipulation attached hereto as Exhibit "E."

11.     Counsel for Plaintiff did not respond to the request to stipulate to limit damages.

12.     28 U.S.C. § 1332(a) provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000...and is between – (1) [c]itizens of different States."

13.     28 U.S.C. § 1441(a), pertaining to removal of civil actions, provides, in pertinent part, that "...any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

3

14.     28 U.S.C. § 1332(c) provides that "[f]or purposes of this section and section 1441...(1) a corporation shall be deemed to be a citizen of every State...by which it has been incorporated and of the State...where it has its principal place of business...."

15.     28 U.S.C. § 1441(b)(1), pertaining to Removal Based on Diversity of Citizenship, provides that "[i]n determining whether a civil action is removable on the basis of the jurisdiction under Section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."

16.     Under 28 U.S.C. § 1446(b)(1) "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant...of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based...."

17.     In this present case, Plaintiffs aver that they are residents of the State of New Jersey. See Exhibit "A."

18.     Plaintiffs aver that the alleged injury(ies) which is the subject of this litigation occurred in Buck County, PA, within the Eastern District of Pennsylvania.

19.     As set forth above, GABE'S is a fictitious name and d/b/a for Gabriel Brothers, Inc. and Gabriel Brothers, Inc. is incorporated in West Virginia and has its principal place of business in West Virginia.

20.     Pursuant to 28 U.S.C. § 1441(b)(1), the citizenship of any "Doe" defendants (designated in the Complaint as fictitious property owner and ficititious proper manager) shall be disregarded in assessing removal petitions claiming federal jurisdiction under 28 U.S.C. § 1332(a).

4

21.     Plaintiffs demand damages in excess of $50,000 in their Complaint and Plaintiffs' counsel did not respond to a request to limit damages to less than $75,000 and, accordingly, it is presumed that Plaintiffs are seeking damages in excess of $75,000.

22.     Therefore, this case is appropriate for removal from state court to the United States District Court, Eastern District of Pennsylvania, pursuant to 28 U.S.C §1332(a)(1) and §1441(a) as complete diversity of citizenship exists between the Plaintiffs and the Defendants, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

23.     This Notice of Removal complies with 28 U.S.C. § 1446(a) and (b) as it is being filed within thirty (30) days of the service of the pleading from which it has been ascertained that the case is removable and within one year of the commencement of the action.  See Exhibit "B," Affidavit of Service reflective of service on December 10, 2021.

24.     Further, all named defendants, Gabriel Brothers, Inc. and "GABE'S," consent to and join in removal as per 28 U.S.C. § 1446(b)(2)(A), (B) and (C).

25.     Written notice of the filing of the Notice of Removal was given to all adverse parties in accordance with 28 U.S.C. §1446(d) and is noted in the attached Certificate of Service.

26.     Promptly after filing in this Court and the assignment of a Civil Action Number, a Notice of Removal will be filed with the Philadelphia Court of Common Pleas, in accordance with 28 U.S.C. §1446(d).

27.     Copies of all process, pleadings, and Orders served upon Defendants are attached hereto in accordance with 28 U.S.C. §1446(a).

**WHEREFORE,** Notice is given that this action is removed from the Philadelphia Court of Common Pleas to the United States District Court for the Eastern District of Pennsylvania.

MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN

*/s/ Nicholas D. Bowers*

BY: _____

EDWARD J. TUITE
NICHOLAS D. BOWERS
*Attorneys for Defendants,*
*Gabriel Brothers, Inc. and "GABE'S"*
PA Attorney I.D. Nos. 34631/315198
2000 Market Street – Suite 2300
Philadelphia, PA 19103
(610) 354-8483/(215) 575-2742
*Attorneys for Defendants,*
*Gabriel Brothers, Inc. and "GABE'S"*

Dated: 1/6/22

6

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CESAR CUCUL; and,                         :
VERONICA CUCUL                            :        CIVIL ACTION
                                          :
        Plaintiffs                        :
                                          :        NO.
        v.                                :
                                          :
GABRIEL BROTHERS, INC.; and,              :
                                          :
GABE'S; and,                              :
                                          :
JOHN DOES 1-10 (fictitious property       :
Owner); and,                              :
                                          :
JOHN DOES 11-21 (fictitious property      :
Manager)                                  :
                                          :
        Defendants                        :

---

## CERTIFICATION

I, Nicholas D. Bowers, Esquire, hereby certify that the facts set forth in the foregoing

Petition for Removal are true and correct to the best of my knowledge, information, and belief.

                        MARSHALL DENNEHEY WARNER
                             COLEMAN & GOGGIN

                        */s/ Nicholas D. Bowers*
            BY:         _____
                        EDWARD J. TUITE
                        NICHOLAS D. BOWERS
                        *Attorneys for Defendants,*
                        *Gabriel Brothers, Inc. and "GABE'S"*
                        PA Attorney I.D. Nos. 34631/315198
                        2000 Market Street – Suite 2300
                        Philadelphia, PA 19103
                        (610) 354-8483/(215) 575-2742
                        *Attorneys for Defendants,*
                        *Gabriel Brothers, Inc. and "GABE'S"*

Dated:  1/6/22

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CESAR CUCUL; and,                          :
VERONICA CUCUL                             :          CIVIL ACTION
                                           :
          Plaintiffs                       :
                                           :          NO.
          v.                               :
                                           :
GABRIEL BROTHERS, INC.; and,               :
                                           :
GABE'S; and,                               :
                                           :
JOHN DOES 1-10 (fictitious property        :
Owner); and,                               :
                                           :
JOHN DOES 11-21 (fictitious property       :
Manager)                                   :
                                           :
          Defendants                       :

## CERTIFICATE OF SERVICE

I, Nicholas D. Bowers, Esquire, hereby certify that a true and correct copy of the

foregoing Petition for Removal was served upon the following party via electronic service, on

the below date:

Joel Rosenberg, Esquire
STARK & STARK
401 Route 73 North, Suite 130
Marlton, NJ 08053

                              MARSHALL DENNEHEY WARNER
                                 COLEMAN & GOGGIN

                              *Nicholas D. Bowers*
                    BY:  _____
                              NICHOLAS D. BOWERS

1/6/22

2

# EXHIBIT "A"

Court of Common Pleas of Philadelphia County
Trial Division

## Civil Cover Sheet

| | For Prothonotary Use Only (Docket Number) |
|---|---|
| | NOVEMBER 2021 |
| | Entered on: 211102793 **001069** |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| CESAR CUCUL | GABRIEL BROTHERS, INC. |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 145 BROWNING AVENUE<br>EWING NJ 08638 | 6720 FRANKFORD AVENUE<br>PHILADELPHIA PA 19135-2104 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| VERONICA CUCUL | GABE'S |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 145 BROWNING AVENUE<br>EWING NJ 08638 | 495 S. OXFORD VALLEY ROAD SUITE A<br>FAIRLESS HILLS PA 19030-2104 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | JOHN DOES 1-10 (FICTITIOUS PROPERTY OWNER) |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | 495 S. OXFORD VALLEY ROAD SUITE A<br>FAIRLESS HILLS PA 19030-4202 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION | | |
|---|---|---|---|---|
| 2 | 4 | ☒ Complaint  ☐ Petition Action  ☐ Notice of Appeal<br>☐ Writ of Summons  ☐ Transfer From Other Jurisdictions | | |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | |
|---|---|---|---|
| ☐ $50,000.00 or less<br>☒ More than $50,000.00 | ☐ Arbitration<br>☒ Jury<br>☐ Non-Jury<br>☐ Other: | ☐ Mass Tort<br>☐ Savings Action<br>☐ Petition | ☐ Commerce  ☐ Settlement<br>☐ Minor Court Appeal  ☐ Minors<br>☐ Statutory Appeals  ☐ W/D/Survival |

CASE TYPE AND CODE

2O - PERSONAL INJURY - OTHER

STATUTORY BASIS FOR CAUSE OF ACTION

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | FILED<br>PRO PROTHY<br><br>NOV 12 2021<br><br>S. RICE | IS CASE SUBJECT TO<br>COORDINATION ORDER?<br>YES          NO |
|---|---|---|

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: CESAR CUCUL , VERONICA CUCUL

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| JOEL R. ROSENBERG | 401 ROUTE 73 N #130<br>MARLTON NJ 08053 |

| PHONE NUMBER | FAX NUMBER |
|---|---|
| (856)874-4443 | (856)874-0133 |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 43841 | jrosenberg@stark-stark.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| JOEL ROSENBERG | Friday, November 12, 2021, 04:49 pm |

Case ID: 211101069

FINAL COPY (Approved by the Prothonotary Clerk)

COMPLETE LIST OF DEFENDANTS:
    1. GABRIEL BROTHERS, INC.
       6720 FRANKFORD AVENUE
       PHILADELPHIA PA 19135-2104
    2. GABE'S
       495 S. OXFORD VALLEY ROAD SUITE A
       FAIRLESS HILLS PA 19030-2104
    3. JOHN DOES 1-10 (FICTITIOUS PROPERTY OWNER)
       495 S. OXFORD VALLEY ROAD SUITE A
       FAIRLESS HILLS PA 19030-4202
    4. JOHN DOES 11-21 (FICTITIOUS PROPERTY MANAGER)
       6720 FRANKFORD AVENUE
       PHILADELPHIA PA 19135-2104

Case ID: 211101069

STARK & STARK
A Professional Corporation
By: Joel R. Rosenberg - ID# 43841
401 Route 73 North, Suite 130
Marlton, NJ 08053
Attorneys for Plaintiff

Filed and Attested by the
Office of Judicial Records
12 NOV 2021 03:10 pm

| | |
|---|---|
| CESAR CUCUL<br>145 Browning Avenue<br>Ewing, New Jersey 08638<br>and<br>VERONICA CUCUL<br>145 Browning Avenue<br>Ewing, New Jersey 08638<br>Plaintiff<br>vs.<br><br>GABRIEL BROTHERS, INC.<br>6720 Frankford Avenue<br>Philadelphia, PA  19135-2104<br>and<br>GABE'S<br>495 S. Oxford Valley Road, Suite A<br>Fairless Hills, PA 19030-4202<br>and<br>JOHN DOES 1-10 (fictitious Property<br>Owner)<br>and<br>JOHN DOES 11-21 (fictitious Property<br>Manager)<br>Defendants. | COURT OF COMMON PLEAS<br>COUNTY OF PHILADELPHIA<br><br>COMPLAINT IN CIVIL ACTION |

<u>COMPLAINT IN CIVIL ACTION</u>
<u>PREMISES LIABILITY</u>

<u>NOTICE TO DEFEND</u>

You have been sued in court. If you wish to defend against the claim set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by an attorney and filing in writing with the Court your defenses or objections to the claim set forth against you. You are warned that if you fail to do so, the case may proceed without further notice for any money claims in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

Case ID: 211101069

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT
HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW.
THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A
LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO
PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER
LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL AND INFORMATION SERVICE
LEGAL - ONE READING CENTER
PHILADELPHIA, PENNSYLVANIA 19107
Telephone: 215-238-6333

AVISO

Le han demandado a usted en la corte.  Si usted quiere derfenderse de estas demandas
expuestas en las páginas siguientes, usted tiene veinte (20) días de plazo al partir de la fecha
de la demanda y la notificación.  Hace falta asentar una comparencia escrita o en persona o
con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las
demandas en contra de su persona.  Sea avisado que si usted no se defiende, la corte tomará
medidas y puede continuar la demanda en contra suya sin previo aviso o notificación.
Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con
todas las provisiones de esta demanda.  Usted puede perder dinero o sus propiedades o
otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE.  SI NO TIENE
ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO,
VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA
DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE
PUEDE CONSEQGUIR ASISTENCIA LEGAL.

SI USTED NO PUEDE CONSERVAR LOS SERVICIOS DE UN ABOGADO, ESTA
OFICINA PUEDE DARLE A USTED INFORMACIÓN SOBRE LAS AGENCIAS QUE
OFERSEN SERVICIOS JURÍDICOS A LAS PERSONAS ELEGIBLES EN UN
HONORARIO REDUCIDO O NINGÚN HONORARIO.

ASOCIACION DE LICENCIADOS DE FILADELFIA
SERVICIO DE REFERENCIA E INFORMACION
LEGAL
ONE READING CENTER
FILADELFIA, PENNSYLVANIA 19107
Telefono: 215-238-1701

Case ID: 211101069

STARK & STARK
A Professional Corporation
By: Joel R. Rosenberg – ID# 43841
401 Route 73 North, Suite 130
Marlton, NJ 08053
Attorneys for Plaintiff

| | |
|---|---|
| CESAR CUCUL<br>145 Browning Avenue<br>Ewing, New Jersey 08638<br>and<br>VERONICA CUCUL<br>145 Browning Avenue<br>Ewing, New Jersey 08638<br>Plaintiff<br><br>vs.<br><br>GABRIEL BROTHERS, INC.<br>6720 Frankford Avenue<br>Philadelphia, PA 19135-2104<br>and<br>GABE'S<br>495 S. Oxford Valley Road, Suite A<br>Fairless Hills, PA 19030-4202<br>and<br>JOHN DOES 1-10 (fictitious property owner)<br>and<br>JOHN DOES 11-21 (fictitious property manager)<br>Defendants. | COURT OF COMMON PLEAS<br>COUNTY OF PHILADELPHIA<br><br>COMPLAINT IN CIVIL ACTION |

## COMPLAINT IN CIVIL ACTION
## PREMISES LIABILITY

1.   Plaintiff, CESAR CUCUL, is an adult individual residing at 145 Browning Avenue,

Ewing Township, New Jersey 08638.

2.   Plaintiff, VERONICA CUCUL, is an adult individual residing at 145 Browning Avenue,

in Ewing Township, New Jersey 08638.

Case ID: 211101069

3. Defendant, GABRIEL BROTHERS, INC., is organized and exits under the laws of the Commonwealth of Pennsylvania having a regular place of business at 6720 Frankford Avenue, Philadelphia, PA 19135-2104.

4. Defendant, GABE'S, is organized and exits under the laws of the Commonwealth of Pennsylvania having a regular place of business at 495 S. Oxford Valley Road, Suite A Fairless Hills, PA 19030-4202.

5. Defendant, GABRIEL BROTHERS, INC., acted or failed to act individually or through its agents, servants, workmen, and/or employees who were then and there acting within the course and scope of their employment with said Defendant and in furtherance of said Defendant's business.

6. Defendant, GABE'S, acted or failed to act individually or through its agents, servants, workmen, and/or employees who were then and there acting within the course and scope of their employment with said Defendant and in furtherance of said Defendant's business.

7. At present, the identities of Defendants, JOHN DOES 1-10, is unknown Property Owner. As such, "John Does 1-10", is a fictitious designation, representing one or more individuals, sole proprietorships, associations, limited partnerships, general partnerships, limited liability companies and/or corporations, which in any way owned, possessed, controlled, entrusted, insured, hired for and/or maintained the premises which caused or contributed to the fall at issue herein, or who were otherwise responsible, in whole or in part, for the said accident or the injuries sustained by the Plaintiff.

8. At all times material to this Civil Action, JOHN DOES 1-10, acted or failed to act individually or through its agents, servants, workmen, and/or employees who were then and there acting within the course and scope of their employment with said Defendant and in furtherance of said Defendant's business.

Case ID: 211101069

9. At present, the identities of Defendants, **JOHN DOES 11-10**, were responsible for maintaining the premises in a safe condition, free from hazards and other defects at the property located at 495 S. Oxford Valley Road, Suite A, Fairless Hills, PA 19030-4202.

10. At present, the identities of Defendants, JOHN DOES 11-21, is unknown Property Manager. As such, "John Does 11-21", is a fictitious designation, representing one or more individuals, sole proprietorships, associations, limited partnerships, general partnerships, limited liability companies and/or corporations, which in any way owned, possessed, controlled, *entrusted, insured, hired for and/or maintained the premises which caused or contributed to the fall at issue herein*, or who were otherwise responsible, in whole or in part, for the said accident or the injuries sustained by the Plaintiff.

11. At all times material to this Civil Action, JOHN DOES 11-21, acted or failed to act individually or through its agents, servants, workmen, and/or employees who were then and there acting within the course and scope of their employment with said Defendant and in furtherance of said Defendant's business.

12. Hereinafter, Defendants, **GABRIEL BROTHERS, INC., GABE'S, JOHN DOES 1-10** (fictitious Property Owner), **JOHN DOES 11-21** (fictitious Property Manager) shall collectively be referred to as "DEFENDANTS".

13. At all times, material to this Civil Action, DEFENDANTS owned, operated, managed, maintained, possessed, inspected, and controlled a certain premises and were primarily and/or secondarily liable and/or otherwise legally responsible to maintain the premises located at 495 S. Oxford Valley Road, Suite A, Fairless Hills, PA 19030-4202.

14. The DEFENDANTS had a duty to its business invitees and/or any lawful invitees walking at the aforesaid premises to keep the area in a safe condition and to maintain and/or inspect said premises and warn pedestrians, business invitees and/or other persons thereon of any hazardous conditions thereon.

15. At all times material to this Civil Action, DEFENDANTS acted or failed to act individually or through its agents, servants, workmen, and/or employees who were then and there acting within the course and scope of their employment with said Defendant and in furtherance of said Defendant's business.

16. At all times, material to this Civil Action, the Plaintiff, CESAR CUCUL, was a business invitee lawfully present upon the premises.

17. At all times, material to this Civil Action, DEFENDANTS either owned, operated, managed, maintained, possessed, inspected, and controlled a certain premises and were primarily and/or secondarily liable and/or otherwise legally responsible to maintain the premises located at 495 S. Oxford Valley Road, Suite A, Fairless Hills, PA 19030-4202.

18. On November 16, 2019, there existed a hazardous condition on the premises and area aforesaid, specifically a rack that collapsed upon Plaintiff. Notwithstanding their duty, on the date aforesaid, Defendants did carelessly and negligently create, allow and permit the hazardous condition to remain at the aforesaid location.

19. The DEFENDANTS created and/or knew or should have known of the existence of this hazardous condition, but permitted the aforesaid condition to exist.

20. On or about the November 16, 2019, the plaintiff was lawfully on the premises and area aforesaid, when, solely as a result of DEFENDANTS' negligence, carelessness, recklessness, willfulness and wantonness, the clothing rack collapsed upon plaintiff, causing the plaintiff to sustain the injuries more fully set forth herein below.

21. The aforesaid accident was caused by the negligence, carelessness, recklessness, willfulness and wantonness of the DEFENDANTS and consisted of the following:

a. Created a dangerous condition which they knew or should have known about;

b. Allowed a dangerous and defective condition to exist which they knew or should have known about;

c. Failed to properly remedy the condition which caused or created a defective and dangerous condition;

d. Failed to inspect and correct the dangerous and defective condition, which they knew or should have known about;

e. Failed to warn individuals such as Plaintiff, CESAR CUCUL, of the dangerous and defective condition;

f. Failed to take proper and adequate steps to remedy the dangerous and defective condition;

g. Allowed a danger, hazard to exist on the premises;

h. Failed to adequately staff personnel to discover and correct the dangerous and defective condition;

i. Operated their business in a manner which created a foreseeable risk of harm without taking reasonable measures to protect against the dangerous and defective condition;

j. Failed to properly supervise or monitor their agents, servants, workmen and/or employees;

k. Failed to control and/or provide a safe environment for pedestrian invitees, including tenants, such as Plaintiff, CESAR CUCUL;

Case ID: 211101069

l.   Failed to maintain the premises by permitting the dangerous and defective
     condition to exist;

m.   Failed to use due care and to employ reasonable skill in the performance
     of their duty;

n.   Violated applicable statutes and ordinances;

o.   Knew or should have known of the dangerous and defective condition, but
     nevertheless permitted said condition to remain in an unsafe, unsuitable,
     and dangerous condition for tenants living therein;

p.   Failed to use reasonable prudence or care in maintaining the premises;

q.   Failed to exercise reasonable care to inspect and/or discover the dangerous
     and defective condition;

r.   Otherwise conducted themselves in a negligent, careless and reckless
     manner; and

s.   Failed to take into account the rights, safety and position of Plaintiff,
     CESAR CUCUL.

## COUNT I

22. Plaintiff, CESAR CUCUL, incorporates by reference Paragraphs 1 through 21 of the
Complaint as if they were set forth at length herein.

23. Solely as a result of the aforesaid negligence, carelessness, recklessness, wantonness and
willfulness of all DEFENDANTS as aforesaid, Plaintiff, CESAR CUCUL, has sustained
injuries in or about her body and extremities, which injuries are and may be serious, severe and
permanent and/or may have aggravated a previously existing condition. The plaintiff, CESAR

Case ID: 211101069

CUCUL, sustained injuries including but not limited to the following:

(a) Serious and permanent personal injuries, including but not limited to:

1. Partial undersurface tear of the distal anterior supraspinatus tendon

2. Closed head injury

3. Neck pain

4. Contusion left shoulder

5. Contusion left back wall of thorax

6. Contusion of right back wall of thorax

7. Left shoulder pain

8. Muscle weakness

(b) Past medical expenses incurred for the diagnosis, treatment and cure of the said personal injuries;

(c) Future medical expenses incurred for the diagnosis, treatment and cure of the said personal injuries;

(d) Lost earnings;

(e) Lost earning capacity;

(f) Past pain;

(g) Future pain;

(h) Past suffering;

(i) Future suffering;

(j) Embarrassment and humiliation;

(k) Past loss of enjoyment of life;

(l) Future loss of enjoyment of life; and

(m) Other injuries and damages suffered as a natural and probable result of the said personal injuries.

Case ID: 211101069

24. As a further, direct and proximate result of the aforesaid incident, Plaintiff, CESAR CUCUL, in the past and may in the future suffer severe pain and suffering in that she has been required in the past, and may require the expenditure of various and substantial sums of money for surgery, medical treatment, medication and devices in an effort to alleviate and cure herself of the aforementioned injuries, all to his great detriment and loss, both financial and otherwise.

25. As a further result of Defendants' negligence, Plaintiff has been caused and will in the future be caused to be unable to pursue her usual activities.

26. As a further result of this accident, Plaintiff has or may suffer a severe loss because of expenses which have been or may be reasonably incurred in obtaining ordinary and necessary services in lieu of those which the plaintiff would have performed, not for income, but for the benefit of herself, if she had not been so injured.

27. As a further result of the defendants' negligence, Plaintiff has suffered a physical impairment which prevents her from performing all or substantially all of the material acts and duties of her customary and usual daily activities, all to her great financial detriment.

WHEREFORE, Plaintiff, CESAR CUCUL, demands judgment in her favor and against Defendants, GABRIEL BROTHERS, INC., GABE'S, JOHN DOES 1-10 (fictitious Property Owner), JOHN DOES 11-21 (fictitious Property Manager), jointly, severally or in the alternative, for damages in excess of Fifty Thousand ($50,000.00) Dollars.

## COUNT II – PER QUOD

28. Plaintiff, VERONICA CUCUL, incorporates by reference Paragraphs 1 through 27 as though fully set forth herein.

29. At all times relevant herein, the Plaintiff, VERONICA CUCUL, was and continues to be the wife of the Plaintiff, CESAR CUCUL, residing with him, at the above address.

Case ID: 211101069

30. Solely as a result of the negligence, carelessness and recklessness of the DEFENDANTS'
set forth herein above, and the resultant injuries of the Plaintiff, CESDAR CUCUL, the Plaintiff,
VERONICA CUCUL, has been deprived of the assistance, society and consortium of her said
husband and will continue to be so deprived for an indefinite period of time in the future.

WHEREFORE, Plaintiff, VERONICA CUCUL, demands judgment in his favor and against
Defendants, GABRIEL BROTHERS, INC., GABE'S, JOHN DOES 1-10 (fictitious
Property Owner), JOHN DOES 11-21 (fictitious Property Manager), jointly, severally or in
the alternative, for damages in excess of Fifty Thousand ($50,000.00) Dollars.

STARK & STARK, P.C.
A Professional Corporation
Attorneys for Plaintiffs

By: _____
JOEL R. ROSENBERG

Date: November 11, 2021

Case ID: 211101069

DocuSign Envelope ID: 78740F97-7847-4CB2-81A6-488E66EAD3B9

## VERIFICATION

CESAR CUCUL hereby states that he is the plaintiff herein and that the facts set forth in the foregoing Complaint in Civil Action are true and correct to the best of his knowledge, information and belief and is based upon information which he has furnished to his counsel and information which has been gathered by his counsel in the preparation of the lawsuit. The language in the Complaint is that of counsel and not plaintiff. Plaintiff has read the Complaint, and to the extent that it is based upon information which he has given to his counsel, it is true and correct to the best of his knowledge, information and belief. To the extent that the content of the Complaint is that of counsel, plaintiff has relief upon counsel in making this verification. This Verification is subject to 18 Pa.C.S. Section 4904 which provides for certain penalties for making false statements.

Date:  November 11, 2021

Cesar Cucul

Case ID: 211101069

DocuSign Envelope ID: DDF0CAB3-E852-4D17-B129-CAA601B69F1F

<u>VERIFICATION</u>

VERONICA CUCUL hereby states that she is the plaintiff herein and that the facts set forth in the foregoing Complaint in Civil Action are true and correct to the best of her knowledge, information and belief and is based upon information which she has furnished to her counsel and information which has been gathered by her counsel in the preparation of the lawsuit. The language in the Complaint is that of counsel and not plaintiff. Plaintiff has read the Complaint, and to the extent that it is based upon information which she has given to her counsel, it is true and correct to the best of her knowledge, information and belief. To the extent that the content of the Complaint is that of counsel, plaintiff has relied upon counsel in making this verification. This Verification is subject to 18 Pa.C.S. Section 4904 which provides for certain penalties for making false statements.

Date:  November 11, 2021

Veronica Cucul

Case ID: 211101069

# EXHIBIT "B"

CESAR CUCUL, ET AL

                          Plaintiff

             vs

GABRIEL BROTHERS, INC., ET AL

                         Defendant

2023190231237

Filed and Attested by the
Office of Judicial Records
03 JAN 2022
Docket Number: NOVEMBER TERM 2021 NO
001069

**AFFIDAVIT OF SERVICE**
(For Use by Private Service)

Cost of Service pursuant to R. 4:4-3(c)

**Person to be served (Name and Address):**
GABRIEL BROTHERS, INC.
55 SCOTT AVENUE
MORGANTOWN WV 26508
By serving: CT CORPORATION SYSTEM ALLEGHENY

**Attorney:** JOEL R. ROSENBERG, ESQ.

**Papers Served:** PRAECIPE TO REINSTATE COMPLAINT, CIVIL COVER
SHEET, COMPLAINT, NOTICE, VERIFICATIONS,

$ _____.___

**Service Data:**   [ ] Served Successfully    [ ] Not Served

Date/Time: _12-16-2021  11:55 EST_

[ ] Delivered a copy to him/her personally

[ ] Left a copy with a competent household member over 14 years of age residing
therein (indicate name & relationship at right)

[X] Left a copy with a person authorized to accept service. e.g. managing agent,
registered agent, etc. (indicate name & official title at right)

*Stephanie Tenney*

**Description of Person Accepting Service:**

SEX: _F_ AGE: _28_ HEIGHT: _5'10"_ WEIGHT: _250_ SKIN: _white_ HAIR: _Brown_ OTHER: _____

**Unserved:**
[ ] Defendant is unknown at the address furnished by the attorney
[ ] All reasonable inquiries suggest defendant moved to an undetermined address
[ ] No such street in municipality
[ ] Defendant is evading service
[ ] Appears vacant
[ ] No response on:      Date/Time: _____
                      Date/Time: _____
                      Date/Time: _____

Other:

**Name of Person Served and relationship/title:**

_Stephanie Tenney_
_authorized to accept_

**To Be Used Where Electronic Signature Not Available**
**Served Data:**
Subscribed and Sworn to me this

_____day of _____, 20 _____

Notary Signature:_____

_____    _____
Name of Notary    Commission Expiration

**Docusign Court Approved E-Signature**

I, _Mark Kitzmiller_
was at the time of service a competent adult, over the age of 18 and
not having direct interest in the litigation. I declare under penalty of
perjury that the foregoing is true and correct.

_Mark Kitzmiller_    _12-10-2021_
Signature of Process Server    Date _11:55_
                           _EST_

Name of Private Server: _____ Address: 2009 Morris Avenue UNION, NJ 07083  Phone: (800) 672-1952

Case ID: 211101069

STATE OF NEW JERSEY

COUNTY OF _Union_ ss:
(County where notarized)

SHERIFF SERVED CERTIFICATION

INDEX/DOCKET # _Nov Term 2021_

_NO 001069_

GSS#: _20211207181237_

To Whom It May Concern:

The entity listed below was served via a Sheriff.

_Gabriel Brothers Inc_
(Name of person)

_55 Scott Avenue_
(Street address)

_Morgantown WV 26508_
(City/Town/Village; State; Zip Code)

Since Sheriffs are sworn officers of the Court, it is not required for them to have their signature notarized.

_(signature)_
(Sign your name in the presence of a Notary Public)

_(signature)_
(Print your name)

Sworn to before me this
_20_ day of _December_ 20_21_.

Case ID: 211101069

# EXHIBIT "C"

CESAR CUCUL AND VERONICA CUCUL :
(H/W) :
 : COURT OF COMMON PLEAS
   Plaintiffs, : PHILADELPHIA COUNTY
 :
   vs. : NOVEMBER TERM, 2021
 :
GABRIEL BROTHERS, INC.; and, : NO. 01069
 :
GABE'S; and, :
 :
JOHN DOES 1-10 (fictitious Property Owner); :
and, :
 :
JOHN DOES 11-21 (fictitious Property :
manager) :
 :
   Defendants. :

*Filed and Attested by the Office of Judicial Records 29 DEC 2021 04:34 pm*

## ORDER

  **AND NOW**, this _____ day of _____, 2022, upon consideration of the Preliminary Objections of Defendant, Gabriel Brothers, Inc. d/b/a GABE'S (improperly designated in Plaintiff's Complaint as Gabriel Brothers, Inc. and "GABE'S"), to Plaintiffs' Complaint, and any response thereto,

  It is hereby **ORDERED** and **DECREED** that the Preliminary Objections of Moving Defendant(s) are **SUSTAINED** and the above-captioned case is hereby **DISMISSED AND TRANSFERRED** from the Court of Common Pleas of Philadelphia County to the Court of Common Pleas of Bucks County, PA.

       **BY THE COURT:**


          _____
                   J.

| | |
|---|---|
| CESAR CUCUL AND VERONICA CUCUL (H/W) | COURT OF COMMON PLEAS |
| Plaintiffs, | PHILADELPHIA COUNTY |
| vs. | NOVEMBER TERM, 2021 |
| GABRIEL BROTHERS, INC.; and, | NO. 01069 |
| GABE'S; and, | |
| JOHN DOES 1-10 (fictitious Property Owner); and, | |
| JOHN DOES 11-21 (fictitious Property manager) | |
| Defendants. | |

## ALTERNATE ORDER

**AND NOW**, this _____ day of _____, 2022, upon consideration of the Preliminary Objections of Defendant, Gabriel Brothers, Inc. d/b/a GABE'S (improperly designated in Plaintiff's Complaint as Gabriel Brothers, Inc. and "GABE'S"), to Plaintiffs' Complaint, and any response thereto,

It is hereby **ORDERED** and **DECREED** that the Preliminary Objections of Moving Defendant are **SUSTAINED** and, any and all references to, and allegations of, recklessness and wantonness, including but not limited to those found in Paragraphs 20, 21, 23 and 30 of Plaintiffs' Complaint, are hereby **STRICKEN WITH PREJUDICE**.

**BY THE COURT:**

_____ **J.**

Case ID: 211101069
Control No.: 21125339

**MARSHALL DENNEHEY WARNER**
    **COLEMAN & GOGGIN**
By:   EDWARD J. TUITE, ESQUIRE
     NICHOLAS D. BOWERS, ESQUIRE
Identification Nos.: 34631/315198
(610) 354-8483/(215) 575-2742
2000 Market Street – 23rd Floor
Philadelphia, PA 19103
ejtuite@mdwcg.com
ndbowers@mdwcg.com

| | |
|---|---|
| CESAR CUCUL AND VERONICA CUCUL (H/W)        : | |
|                     : | COURT OF COMMON PLEAS |
|           Plaintiffs,   : | PHILADELPHIA COUNTY |
|                     : | |
|       vs.            : | NOVEMBER TERM, 2021 |
|                     : | |
| GABRIEL BROTHERS, INC.; and,   : | NO. 01069 |
|                     : | |
| GABE'S; and,           : | |
|                     : | |
| JOHN DOES 1-10 (fictitious Property Owner); and,   : | |
|                     : | |
| JOHN DOES 11-21 (fictitious Property manager)   : | |
|                     : | |
|         Defendants.   : | |

## PRELIMINARY OBJECTIONS BY DEFENDANT, GABRIEL BROTHERS, INC. D/B/A GABE'S (IMPROPERLY DESIGNATED AS GABRIEL BROTHERS), TO PLAINTIFF'S COMPLAINT

      Defendant, Gabriel Brothers, Inc. d/b/a GABE'S, improperly designated in the Complaint

as two separate entities (hereinafter "Gabriel Brothers, Inc. d/b/a GABE'S or Moving Defendant"),

by and through its undersigned counsel, Marshall Dennehey Warner Coleman and Goggin, hereby

submits the following Preliminary Objections to Plaintiffs' Complaint, pursuant to Pa.R.C.P. 1028,

and in support thereof, avers the following:

Case ID: 211101069
Control No.: 21125339

1.     Plaintiffs, Cesar Cucul and Veronica Cucul, filed their Complaint against Defendants on or about November 29, 2021. See Plaintiffs' Complaint, attached hereto as Exhibit "A."

2.     On information and belief, Plaintiffs served Defendant, Gabriel Brothers, Inc. d/b/a GABE'S, at corporate headquarters, located in West Virginia at 55 Scott Avenue, Morgantown, WV 26508, on or about December 10, 2021.

3.     Per the Complaint, Plaintiffs, Cesar Cucul and Veronica Cucul, are, at all times relevant, residents of the State of New Jersey, residing at 145 Browning Avenue, Ewing, NJ 08638.

4.     Defendant, Gabriel Brothers, Inc. is a West Virginia corporation, headquartered at 55 Scott Avenue, Morgantown, WV 26508. See Affidavit of Ryan N. Armstrong, Esq., Corporate Counsel at Gabriel Brothers, attached hereto as Exhibit "B."

5.     "GABE'S" is a fictitious name and a d/b/a for Gabriel Brothers, Inc. See Exhibit "B."

6.     Plaintiffs allege in their Complaint that, on or about November 16, 2019, Plaintiff, Cesar Cucul, was a business invitee at a Gabriel Brothers, Inc., d/b/a GABE'S store located in Bucks County, PA, at 495 S. Oxford Valley Road, Suite A, Fairless Hills, PA 19030-4202, when he was injured.

7.     Gabriel Brothers, Inc. d/b/a GABE'S is a privately held retailer headquartered in Morgantown, West Virginia. See Exhibit "B."

8.     "GABE'S," a fictitious name, is not a business entity of any form nor a proper jural entity. See Exhibit "B."

9.     Gabriel Brothers, Inc. d/b/a GABE'S does not manufacture or build its own products. See Exhibit "B."

10.    Gabriel Brothers, Inc. d/b/a GABE'S principal place of business is located at 55 Scott Avenue, Morgantown, WV 26508. See Exhibit "B."

11.    Gabriel Brothers, Inc. d/b/a GABE'S has 120 retail store locations, branded as "GABE'S," none of which are located within Philadelphia, Pennsylvania. See Exhibit "B."

12.    Gabriel Brothers, Inc. d/b/a GABE'S did not own any real property located in Philadelphia, Pennsylvania during the five year time period preceding the date of this Affidavit through the present. See Exhibit "B."

13.    Gabriel Brothers, Inc. d/b/a GABE'S, a West Virginia Corporation and defendant herein, did not own nor occupy a place of business and/or other real estate located at 6720 Frankford Avenue, Philadelphia, PA 19135-2104 during the five year time period preceding the date of this Affidavit through the present. See Exhibit "B."

14.    Gabriel Brothers, Inc. d/b/a GABE'S has not rented, leased or otherwise occupied real property in Philadelphia, Pennsylvania during the five year time period preceding the date of this Affidavit through the present. See Exhibit "B."

15.    During the five year time period preceding the date of this Affidavit through the present, Gabriel Brothers, Inc. d/b/a GABE'S has not maintained a telephone number, drop box nor mailing address in Philadelphia County. See Exhibit "B."

16.    During the five year time period preceding the date of this Affidavit through the present, Gabriel Brothers, Inc. d/b/a GABE'S made no in-store sales in Philadelphia County. See Exhibit "B."

17.     During the five year time period preceding the date of this Affidavit through the present, employees of Gabriel Brothers, Inc. d/b/a GABE'S did not travel into Philadelphia County for purposes of selling or providing products or services to customer(s) domiciled in Philadelphia County.  See Exhibit "B."

18.     Gabriel Brothers, Inc. d/b/a GABE'S has not "regularly conducted business" in Philadelphia County during the five year time period preceding the date of this Affidavit through the present.  See Exhibit "B."

19.     Plaintiffs allege, in Paragraphs 18 and 20 of the Complaint that on or about November 16, 2019 an accident occurred wherein a clothing rack collapsed on Plaintiff Cucul. See Exhibit "A" at ¶¶ 18 and 20.

20.     On information and belief, Paragraphs 18 and 20 provide the only factual descriptions of the alleged accident and such descriptions are appear limited to a total of two repetitive sentences, summarized above.  See Exhibit "A" at ¶¶ 18 and 20.

21.     Notwithstanding the foregoing, within paragraphs 20, 21, 23 and 30 of the Complaint, Plaintiffs accuse Defendants of "recklessness" and "wantonness." See Exhibit "A" at ¶¶ 20, 21, 23 and 30.

22.     Pa.R.C.P. 1019(a) requires a party to formulate the issues in a complaint by summarizing the facts essential to support the claim.

23.     Pa.R.C.P. 1028 (a)(1) states that Preliminary Objections may be filed for "...improper venue...."

24.     Pa.R.C.P. 1028 (a)(3) states that Preliminary Objections may be filed for "insufficient specificity in a pleading."

25.    Pa.R.C.P. 1028 (a)(4) states that Preliminary Objections may be filed for "legal insufficiency of a pleading (demurrer)."

26.    Moving Defendant now timely file these preliminary objections.

**I.    PRELIMINARY OBJECTION PURSUANT TO PA.R.C.P. 1028(a)(1) and 1028(a)(4): MOTION TO DISMISS DUE TO IMPROPER VENUE**

27.    Moving Defendant, Gabriel Brothers, Inc. d/b/a GABE'S, incorporates and reasserts the averments of paragraphs 1 through 26 of these Preliminary Objections as though the same were set forth herein at length.

28.    A plaintiff's choice of forum is to be given weight, and the burden is on the party challenging the choice to show it was improper; however, a plaintiff's choice of venue is not absolute or unassailable. If there exists any proper basis for the trial court's decision to grant a petition to transfer venue, the decision must stand. Forrester v. Hanson, 901 A.2d 548, 552 (Pa. Super. 2006) (citation omitted).

29.    Pursuant to    1006(b), "[a]ctions against the following defendants, except as otherwise provided in subdivision (c), may be brought in and only in the counties designated by the following rules: political subdivisions, Rule 2103; partnerships, Rule 2130; unincorporated associations, Rule 2156; corporations and similar entities, Rule 2179."

30.    Pennsylvania Rule of Civil Procedure 2179 states that:

(a) Except as otherwise provided by an Act of Assembly, by Rule 1006(a.1) or by subdivision (b) of this rule, a personal action against a corporation or a similar entity may be brought in and only in:

(1)    the county where its registered office or principal place of business is located;

(2)    a county where it regularly conducts business;

(3)    the county where the cause of action arose;

(4)    a county where a transaction or occurrence took place out
of which the cause of action arose, or

(5)    a county where the property or part of the property which
is the subject matter of the action is located provided that
equitable relief is sought with respect to the property.

Pa.R.C.P. 2179(a).

31.    In the present matter, Pa.R.C.P. 2179(1)(3), (4) and (5) are inapplicable on the face

of the Complaint insofar as this is a premises liability action and Plaintiffs allege that the alleged

accident in question occurred at a store located in Bucks County, PA (Fairless Hills, PA).

32.    Pa.R.C.P. 2179(a)(1) also does not establish venue in Philadelphia County insofar

as Plaintiff's allegation that Moving Defendant (Gabriel Brothers, Inc. and/or "GABE'S") has a

"regular place of business" at 6720 Frankford Avenue, Philadelphia, PA is factually wrong and, in

fact, Moving Defendant neither owned nor occupied any real estate located in Philadelphia County

at any time relevant to this litigation. See Exhibit "B," Affidavit of Ryan Armstrong.

33.    Accordingly, it appears Plaintiffs are seeking to rely upon 2179(a)(2). Importantly,

however, none of the Defendants "regularly conducted business" in Philadelphia during any

relevant time period and thus Plaintiffs' reliance upon 2179(a)(2) is misplaced.

34.    In order to be deemed as "regularly conducting business" in a particular county, a

business entity must perform acts in a county of sufficient quality and quantity before venue will

be established.  See Zampana-Barry v. Donoghue, 921 A.2d 500, 503 (Pa. Super. 2007) *appeal*

*denied*, 940 A.2d 366 (Pa 2007) (citing Purcell v. Bryn Mawr Hosp., 579 A.2d 1282 (Pa. 1990)).

Quality of acts will be found if an entity performs acts in a county that directly further or are

essential to the entity's business objective. Zampana-Barry, 921 A.2d at 503. Incidental acts,

including advertising, solicitation of business, education programs, hiring personnel, and

purchase of supplies, which "aid a main purpose are collateral" and not deemed necessary to an

entity's existence. Id. at 503-04. Quantity of acts means those that are sufficiently continuous so as to be considered habitual. Id. at 504. Each case must be based upon its own individual facts. Id.

35.     Courts of this Commonwealth have repeatedly held that for the purposes of venue by way of Pa.R.C.P. 2179(a)(2), the "defendant must have had physical presence in the county…." Levey v. Cogen Sklar L.L.P., 2002 Phila. Ct. Com. Pl. LEXIS 86, at *5 (Apr. 11, 2002) (citations omitted) (emphasis added); Gale v. Mercy Catholic Med. Ctr. Eastwick, Inc., 698 A.2d 647, 652 (Pa. Super. Ct. 1997); Canter v. Am. Honda Motor Corp., 231 A.2d 140, 143 (Pa. 1967). "[W]here the defendant never entered the county in furtherance of the corporate objective, the mere fact that the defendant conducted some of its business with county residents [is] not sufficient to confer venue." Feltoon v. Nolen, 2002 Phila. Ct. Com. Pl. LEXIS 60, at *10 (Nov. 1, 2002); Masel v. Glassman, 689 A.2d 314, 318-19 (Pa. Super. Ct. 1997) (holding that venue was improper in Philadelphia County when physician services company received 20% of gross revenues from Philadelphia third party payers and 3% from Philadelphia residents, but conducted no operations in Philadelphia).

36.     In the present matter, Defendants did not regularly conduct(ed) business in Philadelphia County at any relevant time.

37.     Specifically, Gabriel Brothers, Inc. d/b/a GABE'S is a retailer whose business includes 113 retail stores. None of these stores are located within Philadelphia County.

38.     Gabriel Brothers, Inc. d/b/a GABE'S employees do not travel into Philadelphia County for business purposes.

39.     Gabriel Brothers, Inc. d/b/a GABE'S has no physical presence within Philadelphia County.

40.     Gabriel Brothers, Inc. d/b/a GABE'S, moreover, does not have a "regular place of business" at 6720 Frankford Avenue, Philadelphia PA 19135-2104 and this allegation in the Complaint is simply factually wrong and inaccurate. See e.g., Exhibit "B."

41.     In accord with the foregoing, Plaintiff cannot establish venue in Philadelphia County pursuant to Pa.R.C.P. 2179(a)(1), (2), (3), (4) or (5).

42.     Moreover, it is respectfully suggested that it is clear that Bucks County is the appropriate State Court venue for this litigation as this is a premises liability action and the premises where Plaintiff Cesar Cucul claims he was injured is located in Buck County, PA.

43.     Accordingly, it is respectfully submitted that this case should be dismissed and transferred to the Bucks County Court of Common Pleas.

**WHEREFORE**, Defendant, Gabriel Brothers, Inc. d/b/a GABE'S, respectfully requests that this Honorable Court sustain its Preliminary Objections and enter the attached Proposed Order, transferring this action to Bucks County, PA.

**II.     PRELIMINARY OBJECTION PURSUANT TO PA.R.C.P. 1028(a)(3) AND 1028(a)(4):  MOTION TO STRIKE PLAINTIFF'S ALLEGATIONS OF RECKLESSNESS**

44.     Moving Defendant incorporates and reasserts the averments of paragraphs 1 through 43 of these Preliminary Objections as though the same were set forth herein at length.

45.     In Paragraphs 20, 21, 23 and 30 of the Complaint, Plaintiff alleges Defendants engaged in "recklessness." See Exhibit "A" at ¶¶ 20, 21, 23 and 30.

46.     In Paragraphs 20, 21 and 23 of the Complaint, Plaintiff alleges Defendants engaged in "wantonness." See Exhibit "A" at ¶¶ 20, 21 and 23.

47.     Pennsylvania courts define "recklessness" by reference to Section 500 of the Restatement (Second) of Torts which provides that:

> The actor's conduct is in reckless disregard of the safety of another
> if he does an act or intentionally fails to do an act which it is his duty
> to the other to do, knowing or having reason to know of facts which
> would lead a reasonable man to realize, not only that his conduct
> creates an unreasonable risk of physical harm to another, but also
> that such risk is substantially greater than that which is necessary to
> make his conduct negligent.

See Stubbs v. Frazer, 454 A.2d 119, 120 (Pa. Super. 1982) (quoting Restatement (Second) of Torts,

§ 500 (1965)).

48.     Comment g of Section 500 of the Restatement (Second) of Torts compares reckless

conduct to negligence as follows:

> Reckless misconduct differs from negligence in several important
> particulars. It differs from that form of negligence which consists in
> mere inadvertence, incompetence, unskillfulness, or a failure to take
> precautions to enable the actor adequately to cope with a possible or
> probable future emergency, in that reckless misconduct requires a
> conscious choice of a course of action, either with knowledge of the
> serious danger to others involved in it or with knowledge of facts
> which would disclose this danger to any reasonable man . . .

Id.

49.     Accordingly, an allegation of recklessness must demonstrate that "the actor has

intentionally done an act of an unreasonable character, in disregard to a risk known to him or so

obvious that he must be taken to have been aware of it, and so great as to make it highly probable

that harm would follow." Evans v. Philadelphia Transp. Co., 212 A.2d 440, 443 (Pa. 1965)

(citations omitted); see also Lewis v. Miller, 543 A.2d 590, 592 (Pa. Super. 1988).

50.     Pennsylvania courts have opined that "[i]n order for conduct to be considered

reckless, it must involve an easily perceptible danger of death or substantial physical harm, and

the probability that it will so result must be substantially greater than is required for ordinary

negligence . . ." Zazzera v. Roche, 54 Pa. D. & C.4th 225, 232, 2001 WL 1846971 (Lackawanna

Cty. Ct. Com. Pl. Dec. 10, 2001) (quoting Hall v. Jackson, 788 A.2d 390, 403, ¶ 31 (Pa. Super. 2001) (emphasis added)).

51.     To be considered reckless, the actor "must recognize that his conduct involves a risk substantially greater in amount than that which is necessary to make his conduct negligent." Id. Therefore, in order to allege that a defendant acted "recklessly," a plaintiff must allege facts showing that the defendant possessed this requisite mental state and acted consciously in a way that he knew created the substantial risk of harm to others. Gaul v. Consol. Rail Corp., 556 A.2d 892, 898 (Pa. Super. 1989).

52.     Plaintiff fails to set forth specific facts to support any allegation that Green Lake had knowledge of acts or conduct that created a high risk of physical harm to Plaintiff, or that Green Lake consciously acted with disregard or indifference to an alleged serious danger to Plaintiff. See generally Stubbs v. Frazer, 454 A.2d 119, 120 (Pa. Super. 1982).

53.     Since no specific facts are alleged that establish that Defendants acted recklessly in any action or conduct it undertook, pursuant to Pa. R.C.P. 1028(a)(4), Plaintiff's references to alleged "recklessness" in paragraph 20, 21, 23 and 30 of the Complaint must be stricken and dismissed.

54.     Allegations of wantonness, contained in paragraphs 20, 21 and 23 of the Complaint should likewise be stricken with prejudice pursuant to the rationale set forth above.

55.     Accordingly, in the absence of facts plead to support allegations of recklessness and wantonness, such allegations should be stricken from Plaintiffs' Complaint pursuant to Pa.R.C.P. 1028(a)(3) and Pa.R.C.P. 1028(a)(4).

**WHEREFORE**, Defendant, Gabriel Brothers, Inc. d/b/a GABE'S, respectfully requests that this Honorable Court sustain its Preliminary Objections and enter the attached Proposed Alternate Order, striking Plaintiffs' allegations of recklessness and wantonness.

MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN

*/s/ Nicholas D. Bowers*

BY: _____

EDWARD J. TUITE, ESQUIRE
NICHOLAS D. BOWERS, ESQUIRE
*Attorneys for Defendant, Gabriel Brothers,*
*Inc. d/b/a GABE'S*

Dated: 12/29/21

**MARSHALL DENNEHEY WARNER**
**COLEMAN & GOGGIN**
By:    EDWARD J. TUITE, ESQUIRE
        NICHOLAS D. BOWERS, ESQUIRE
Identification Nos.: 34631/315198
(610) 354-8483/(215) 575-2742
2000 Market Street – 23rd Floor
Philadelphia, PA  19103
ejtuite@mdwcg.com
ndbowers@mdwcg.com

| | |
|---|---|
| CESAR CUCUL AND VERONICA CUCUL (H/W) : | |
| : | **COURT OF COMMON PLEAS** |
| Plaintiffs,  : | **PHILADELPHIA COUNTY** |
| : | |
| vs.  : | NOVEMBER TERM, 2021 |
| : | |
| GABRIEL BROTHERS, INC.; and, : | NO. 01069 |
| : | |
| GABE'S; and, : | |
| : | |
| JOHN DOES 1-10 (fictitious Property Owner); and, : | |
| : | |
| JOHN DOES 11-21 (fictitious Property manager) : | |
| : | |
| Defendants.  : | |

---

**MEMORANDUM OF LAW IN SUPPORT OF PRELIMINARY OBJECTIONS BY**
**DEFENDANT, GABRIEL BROTHERS, INC. D/B/A GABE'S, TO PLAINTIFF'S**
**COMPLAINT**

**I.    MATTER BEFORE THE COURT**

The matter before the Court is the Preliminary Objections of Defendants, Gabriel

Brothers, Inc. d/b/a GABE'S (improperly designated in the Complaint as two separate entities) to

Plaintiffs' Complaint.

## II.    STATEMENT OF QUESTIONS INVOLVED

(1).    Should this Honorable Court sustain Defendants, Gabriel Brothers, Inc. and GABE'S (hereinafter "Gabriel Brothers, Inc. d/b/a GABE'S" or "Moving Defendant"), Preliminary Objections and dismiss Plaintiffs' Complaint and transfer this action to Blair County, PA because Plaintiffs cannot establish venue in Philadelphia County pursuant to Pa.R.C.P. 2179?

**Suggested Answer: Yes.**

(2).    Should this Honorable Court sustain Moving Defendant's Preliminary Objections and strike with prejudice all allegations of "recklessness" and "wantonness"?

**Suggested Answer: Yes.**

## III.    FACTUAL BACKGROUND

Plaintiffs, Cesar Cucul and Veronica Cucul, filed their Complaint against Defendants on or about November 29, 2021. See Plaintiffs' Complaint, attached hereto as Exhibit "A."
On information and belief, Plaintiffs served Defendant, Gabriel Brothers, Inc. d/b/a GABE'S, at corporate headquarters, located in West Virginia at 55 Scott Avenue, Morgantown, WV 26508, on or about December 10, 2021.

Per the Complaint, Plaintiffs, Cesar Cucul and Veronica Cucul, are, at all times relevant, residents of the State of New Jersey, residing at 145 Browning Avenue, Ewing, NJ 08638.
Defendant, Gabriel Brothers, Inc. is a West Virginia corporation, headquartered at 55 Scott Avenue, Morgantown, WV 26508. See Affidavit of Ryan N. Armstrong, Esq., Corporate Counsel at Gabriel Brothers, attached hereto as Exhibit "B." "GABE'S" is a fictitious name and a d/b/a for Gabriel Brothers, Inc. See Exhibit "B." Plaintiffs allege in their Complaint that, on or about November 16, 2019, Plaintiff, Cesar Cucul, was a business invitee at a Gabriel Brothers, Inc., d/b/a

GABE'S store located in Bucks County, PA, at 495 S. Oxford Valley Road, Suite A, Fairless Hills, PA 19030-4202, when he was injured.

Gabriel Brothers, Inc. d/b/a GABE'S is a privately held retailer headquartered in Morgantown, West Virginia. See Exhibit "B." "GABE'S," a fictitious name, is not a business entity of any form nor a proper jural entity. See Exhibit "B." Gabriel Brothers, Inc. d/b/a GABE'S does not manufacture or build its own products. See Exhibit "B." Gabriel Brothers, Inc. d/b/a GABE'S principal place of business is located at 55 Scott Avenue, Morgantown, WV 26508. See Exhibit "B."

Gabriel Brothers, Inc. d/b/a GABE'S has 120 retail store locations, branded as "GABE'S," none of which are located within Philadelphia, Pennsylvania. See Exhibit "B." Gabriel Brothers, Inc. d/b/a GABE'S did not own any real property located in Philadelphia, Pennsylvania during the five year time period preceding the date of this Affidavit through the present. See Exhibit "B." Gabriel Brothers, Inc. d/b/a GABE'S, a West Virginia Corporation and defendant herein, did not own nor occupy a place of business and/or other real estate located at 6720 Frankford Avenue, Philadelphia, PA 19135-2104 during the five year time period preceding the date of this Affidavit through the present. See Exhibit "B." Gabriel Brothers, Inc. d/b/a GABE'S has not rented, leased or otherwise occupied real property in Philadelphia, Pennsylvania during the five year time period preceding the date of this Affidavit through the present. See Exhibit "B."

During the five year time period preceding the date of this Affidavit through the present, Gabriel Brothers, Inc. d/b/a GABE'S has not maintained a telephone number, drop box nor mailing address in Philadelphia County. See Exhibit "B." During the five year time period preceding the date of this Affidavit through the present, Gabriel Brothers, Inc. d/b/a GABE'S

made no in-store sales in Philadelphia County. See Exhibit "B." During the five year time period preceding the date of this Affidavit through the present, employees of Gabriel Brothers, Inc. d/b/a GABE'S did not travel into Philadelphia County for purposes of selling or providing products or services to customer(s) domiciled in Philadelphia County. See Exhibit "B." Gabriel Brothers, Inc. d/b/a GABE'S has not "regularly conducted business" in Philadelphia County during the five year time period preceding the date of this Affidavit through the present. See Exhibit "B."

Plaintiffs allege, in Paragraphs 18 and 20 of the Complaint that on or about November 16, 2019 an accident occurred wherein a clothing rack collapsed on Plaintiff Cucul. See Exhibit "A" at ¶¶ 18 and 20. On information and belief, Paragraphs 18 and 20 provide the only factual descriptions of the alleged accident and such descriptions are appear limited to a total of two repetitive sentences, summarized above. See Exhibit "A" at ¶¶ 18 and 20. Notwithstanding the foregoing, within paragraphs 20, 21, 23 and 30 of the Complaint, Plaintiffs accuse Defendants of "recklessness" and "wantonness." See Exhibit "A" at ¶¶ 20, 21, 23 and 30.

## IV.   LEGAL ARGUMENT

### A.   Plaintiffs' Complaint Should be Dismissed Due to Improper Venue and Transferred to Bucks County, PA Pursuant to PA.R.C.P. 1028(a)(1) and 1028(a)(4)

A plaintiff's choice of forum is to be given weight, and the burden is on the party challenging the choice to show it was improper; however, a plaintiff's choice of venue is not absolute or unassailable. If there exists any proper basis for the trial court's decision to grant a petition to transfer venue, the decision must stand. Forrester v. Hanson, 901 A.2d 548, 552 (Pa. Super. 2006) (citation omitted). Pursuant to 1006(b), "[a]ctions against the following defendants, except as otherwise provided in subdivision (c), may be brought in and only in the counties

designated by the following rules: political subdivisions, Rule 2103; partnerships, Rule 2130; unincorporated associations, Rule 2156; corporations and similar entities, Rule 2179."

Pennsylvania Rule of Civil Procedure 2179 states that:

(a) Except as otherwise provided by an Act of Assembly, by Rule 1006(a.1) or by subdivision (b) of this rule, a personal action against a corporation or a similar entity may be brought in and only in:

(1) the county where its registered office or principal place of business is located;

(2) a county where it regularly conducts business;

(3) the county where the cause of action arose;

(4) a county where a transaction or occurrence took place out of which the cause of action arose, or

(5) a county where the property or part of the property which is the subject matter of the action is located provided that equitable relief is sought with respect to the property.

Pa.R.C.P. 2179(a).

In the present matter, Pa.R.C.P. 2179(1)(3), (4) and (5) are inapplicable on the face of the Complaint insofar as this is a premises liability action and Plaintiffs allege that the alleged accident in question occurred at a store located in Bucks County, PA (Fairless Hills, PA). Pa.R.C.P. 2179(a)(1) also does not establish venue in Philadelphia County insofar as Plaintiff's allegation that Moving Defendant (Gabriel Brothers, Inc. and/or "GABE'S") has a "regular place of business" at 6720 Frankford Avenue, Philadelphia, PA is factually wrong and, in fact, Moving Defendant neither owned nor occupied any real estate located in Philadelphia County at any time relevant to this litigation. See Exhibit "B," Affidavit of Ryan Armstrong. Accordingly, it appears Plaintiffs are seeking to rely upon 2179(a)(2). Importantly, however, none of the Defendants "regularly conducted business" in Philadelphia during any relevant time period and thus Plaintiffs' reliance upon 2179(a)(2) is misplaced.

In order to be deemed as "regularly conducting business" in a particular county, a business entity must perform acts in a county of sufficient quality and quantity before venue will be established.  See Zampana-Barry v. Donoghue, 921 A.2d 500, 503 (Pa. Super. 2007) *appeal denied*, 940 A.2d 366 (Pa 2007) (citing Purcell v. Bryn Mawr Hosp., 579 A.2d 1282 (Pa. 1990)).  Quality of acts will be found if an entity performs acts in a county that directly further or are essential to the entity's business objective. Zampana-Barry, 921 A.2d at 503.  Incidental acts, including advertising, solicitation of business, education programs, hiring personnel, and purchase of supplies, which "aid a main purpose are collateral" and not deemed necessary to an entity's existence. Id. at 503-04.  Quantity of acts means those that are sufficiently continuous so as to be considered habitual. Id. at 504.  Each case must be based upon its own individual facts. Id.

Courts of this Commonwealth have repeatedly held that for the purposes of venue by way of Pa.R.C.P. 2179(a)(2), the "defendant must have had physical presence in the county...." Levey v. Cogen Sklar L.L.P., 2002 Phila. Ct. Com. Pl. LEXIS 86, at *5 (Apr. 11, 2002) (citations omitted) (emphasis added); Gale v. Mercy Catholic Med. Ctr. Eastwick, Inc., 698 A.2d 647, 652 (Pa. Super. Ct. 1997); Canter v. Am. Honda Motor Corp., 231 A.2d 140, 143 (Pa. 1967).  "[W]here the defendant never entered the county in furtherance of the corporate objective, the mere fact that the defendant conducted some of its business with county residents [is] not sufficient to confer venue." Feltoon v. Nolen, 2002 Phila. Ct. Com. Pl. LEXIS 60, at *10 (Nov. 1, 2002); Masel v. Glassman, 689 A.2d 314, 318-19 (Pa. Super. Ct. 1997) (holding that venue was improper in Philadelphia County when physician services company received 20% of gross revenues from Philadelphia third party payers and 3% from Philadelphia residents, but conducted no operations in Philadelphia).

In the present matter, Defendants did not regularly conduct(ed) business in Philadelphia County at any relevant time. Specifically, Gabriel Brothers, Inc. d/b/a GABE'S is a retailer whose business includes 113 retail stores. None of these stores are located within Philadelphia County. Gabriel Brothers, Inc. d/b/a GABE'S employees do not travel into Philadelphia County for business purposes. Gabriel Brothers, Inc. d/b/a GABE'S has no physical presence within Philadelphia County. Gabriel Brothers, Inc. d/b/a GABE'S, moreover, does not have a "regular place of business" at 6720 Frankford Avenue, Philadelphia PA 19135-2104 and this allegation in the Complaint is simply factually wrong and inaccurate. See e.g., Exhibit "B."

In accord with the foregoing, Plaintiff cannot establish venue in Philadelphia County pursuant to Pa.R.C.P. 2179(a)(1), (2), (3), (4) or (5). Moreover, it is respectfully suggested that it is clear that Bucks County is the appropriate State Court venue for this litigation as this is a premises liability action and the premises where Plaintiff Cesar Cucul claims he was injured is located in Buck County, PA. Accordingly, it is respectfully submitted that this case should be dismissed and transferred to the Bucks County Court of Common Pleas.

**B.    Plaintiffs' Allegations of Recklessness and Wantonness Should be Stricken with Prejudice Pursuant to Pa.R.C.P. 1028(a)(3) and (4)**

In Paragraphs 20, 21, 23 and 30 of the Complaint, Plaintiff alleges Defendants engaged in "recklessness." See Exhibit "A" at ¶¶ 20, 21, 23 and 30. In Paragraphs 20, 21 and 23 of the Complaint, Plaintiff alleges Defendants engaged in "wantonness." See Exhibit "A" at ¶¶ 20, 21 and 23.

Pennsylvania courts define "recklessness" by reference to Section 500 of the Restatement (Second) of Torts which provides that:

> The actor's conduct is in reckless disregard of the safety of another if he does an act or intentionally fails to do an act which it is his duty to the other to do, knowing or having reason to know of facts which

> would lead a reasonable man to realize, not only that his conduct
> creates an unreasonable risk of physical harm to another, but also
> that such risk is substantially greater than that which is necessary to
> make his conduct negligent.

See Stubbs v. Frazer, 454 A.2d 119, 120 (Pa. Super. 1982) (quoting Restatement (Second) of Torts,

§ 500 (1965)).

Comment g of Section 500 of the Restatement (Second) of Torts compares reckless conduct

to negligence as follows:

> Reckless misconduct differs from negligence in several important
> particulars. It differs from that form of negligence which consists in
> mere inadvertence, incompetence, unskillfulness, or a failure to take
> precautions to enable the actor adequately to cope with a possible or
> probable future emergency, in that reckless misconduct requires a
> conscious choice of a course of action, either with knowledge of the
> serious danger to others involved in it or with knowledge of facts
> which would disclose this danger to any reasonable man . . .

Id.

Accordingly, an allegation of recklessness must demonstrate that "the actor has

intentionally done an act of an unreasonable character, in disregard to a risk known to him or so

obvious that he must be taken to have been aware of it, and so great as to make it highly probable

that harm would follow." Evans v. Philadelphia Transp. Co., 212 A.2d 440, 443 (Pa. 1965)

(citations omitted); see also Lewis v. Miller, 543 A.2d 590, 592 (Pa. Super. 1988).

Pennsylvania courts have opined that "[i]n order for conduct to be considered reckless, it

must involve an easily perceptible danger of death or substantial physical harm, and the probability

that it will so result must be substantially greater than is required for ordinary negligence . . ."

Zazzera v. Roche, 54 Pa. D. & C.4th 225, 232, 2001 WL 1846971 (Lackawanna Cty. Ct. Com. Pl.

Dec. 10, 2001) (quoting Hall v. Jackson, 788 A.2d 390, 403, ¶ 31 (Pa. Super. 2001) (emphasis

added)).

To be considered reckless, the actor "must recognize that his conduct involves a risk substantially greater in amount than that which is necessary to make his conduct negligent." Id. Therefore, in order to allege that a defendant acted "recklessly," a plaintiff must allege facts showing that the defendant possessed this requisite mental state and acted consciously in a way that he knew created the substantial risk of harm to others. Gaul v. Consol. Rail Corp., 556 A.2d 892, 898 (Pa. Super. 1989).

Plaintiff fails to set forth specific facts to support any allegation that Green Lake had knowledge of acts or conduct that created a high risk of physical harm to Plaintiff, or that Green Lake consciously acted with disregard or indifference to an alleged serious danger to Plaintiff. See generally Stubbs v. Frazer, 454 A.2d 119, 120 (Pa. Super. 1982). Since no specific facts are alleged that establish that Defendants acted recklessly in any action or conduct it undertook, pursuant to Pa. R.C.P. 1028(a)(4), Plaintiff's references to alleged "recklessness" in paragraph 20, 21, 23 and 30 of the Complaint must be stricken and dismissed. Allegations of wantonness, contained in paragraphs 20, 21 and 23 of the Complaint should likewise be stricken with prejudice pursuant to the rationale set forth above. Accordingly, in the absence of facts plead to support allegations of recklessness and wantonness, such allegations should be stricken from Plaintiffs' Complaint pursuant to Pa.R.C.P. 1028(a)(3) and Pa.R.C.P. 1028(a)(4).

## V.   <u>CONCLUSION</u>

Based on the foregoing, Defendants respectfully request that this Honorable Court sustain these Preliminary Objections and enter the attached proposed Order or Alternate Order.

MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN

*/s/ Nicholas D. Bowers*

BY: _____
EDWARD J. TUITE, ESQUIRE
NICHOLAS D. BOWERS, ESQUIRE
*Attorneys for Defendant, Gabriel Brothers,*
*Inc. d/b/a GABE'S*

Dated: 12/29/21

### CERTIFICATE OF SERVICE

I, Nicholas D. Bowers , Esquire, hereby certify that on this date, I served the within Defendants' Preliminary Objections to Plaintiff's Complaint via e-filing notification, upon all counsel of record.


MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN

*/s/ Nicholas D. Bowers*
BY: _____
EDWARD J. TUITE, ESQUIRE
NICHOLAS D. BOWERS, ESQUIRE
*Attorneys for Defendant, Gabriel Brothers,*
*Inc. d/b/a GABE'S*

Dated: 12/29/21


Case ID: 211101069
Control No.: 21125339

# EXHIBIT "D"

| | |
|---|---|
| CESAR CUCUL, AND VERONICA CUCUL (H/W) | |
| Plaintiffs, | COURT OF COMMON PLEAS PHILADELPHIA COUNTY |
| vs. | NOVEMBER TERM, 2021 |
| GABRIEL BROTHERS, INC.; and, | NO. 01069 |
| GABE'S; and, | |
| JOHN DOES 1-10 (fictitious Property Owner); and, | |
| JOHN DOES 11-21 (fictitious Property manager) | |
| Defendants. | |

## AFFIDAVIT

I, Ryan N. Armstrong, Esq., hereby state that the following is true and correct to the best of my knowledge, information and belief; and I understand that the statements herein are made subject to the penalties of 18 Pa.C.S.A.§4904 relating to unsworn falsifications to authorities:

1.    I am Corporate Counsel for Risk & Liability at Gabriel Brothers, Inc. d/b/a GABE'S.

2.    The facts set forth in this Affidavit are known to me.

3.    Gabriel Brothers, Inc. d/b/a GABE'S is a privately held retailer headquartered in Morgantown, West Virginia.

4.    "GABE'S" is a fictitious name and d/b/a for the West Virginia business entity, Gabriel Brothers, Inc.

5.    "GABE'S," a fictitious name, is not a business entity of any form nor a proper jural entity.

6.    Gabriel Brothers, Inc. d/b/a GABE'S does not manufacture or build its own products.

7.    Gabriel Brothers, Inc. d/b/a GABE'S principal place of business is located at 55 Scott Avenue, Morgantown, WV 26508.

8.    Gabriel Brothers, Inc. d/b/a GABE'S has 120 retail store locations, branded as "GABE'S," none of which are located within Philadelphia, Pennsylvania.

9.    Gabriel Brothers, Inc. d/b/a GABE'S did not own any real property located in Philadelphia, Pennsylvania during the five year time period preceding the date of this Affidavit through the present.

10.    Gabriel Brothers, Inc. d/b/a GABE'S, a West Virginia Corporation and defendant herein, did not own nor occupy a place of business and/or other real estate located at 6720 Frankford Avenue, Philadelphia, PA 19135-2104 during the five year time period preceding the date of this Affidavit through the present.

11.    Gabriel Brothers, Inc. d/b/a GABE'S has not rented, leased or otherwise occupied real property in Philadelphia, Pennsylvania during the five year time period preceding the date of this Affidavit through the present.

12.    During the five year time period preceding the date of this Affidavit through the present, Gabriel Brothers, Inc. d/b/a GABE'S has not maintained a telephone number, drop box nor mailing address in Philadelphia County.

13.    During the five year time period preceding the date of this Affidavit through the present, Gabriel Brothers, Inc. d/b/a GABE'S made no in-store sales in Philadelphia County.

14.    During the five year time period preceding the date of this Affidavit through the present, employees of Gabriel Brothers, Inc. d/b/a GABE'S did not travel into Philadelphia

County for purposes of selling or providing products or services to customer(s) domiciled in Philadelphia County.

15.    Gabriel Brothers, Inc. d/b/a GABE'S has not "regularly conducted business" in Philadelphia County during the five year time period preceding the date of this Affidavit through the present.


Date:   29 Dec 2021                            *Ryan N. Armstrong*
                                    RYAN N. ARMSTRONG, ESQ.

# EXHIBIT "E"

**Bowers, Nicholas D.**

| | |
|---|---|
| **From:** | Bowers, Nicholas D. |
| **Sent:** | Monday, December 27, 2021 2:28 PM |
| **To:** | 'jrosenberg@stark-stark.com' |
| **Cc:** | Tuite, Edward J. |
| **Subject:** | Proposed Stip to Cap Damages - Cucul v. Gabriel Bros, et. al., Phila CCP 211101069, File No. 41187-00252 |
| **Attachments:** | Cucul - Stip to Cap Damages at $75k (143232844_1).pdf |

Dear Mr. Rosenberg:

Ed Tuite and I represent Gabriel Brothers, Inc. and "GABE's," in relation to the above-referenced matter.

It appears this is or may be a case which is subject to removal to Federal District Court.

I am curious as to whether it is your position that the amount in controversy is less than $75,000.  If so, I ask that you kindly sign and return the attached Stipulation to Cap Damages at $75,000 within one week of today.

Should you wish to discuss the foregoing, please feel free to contact me at the phone number set forth below.

To the extent I do not hear from you, I will assume it is your clients' position that the amount in controversy in this action is in excess of $75,000.

Best regards,

Nick



**Nicholas D. Bowers**
*Attorney at Law*
2000 Market Street, Suite 2300, Philadelphia, PA 19103
Direct: (215) 575-2742 | Main: (215) 575-2600 | Fax: (215) 575-0856
bio | e-mail | website

This e-mail transmission and any documents, files or previous e-mail messages attached to it, are confidential and are protected by the attorney-client privilege and/or work product doctrine. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any review, disclosure, copying, dissemination, distribution or use of any of the information contained in, or attached to this e-mail transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify me by forwarding this e-mail to NDBowers@mdwcg.com, or by telephone at (215) 575-2742 and then delete the message and its attachments from your computer.

| | |
|---|---|
| CESAR CUCUL AND VERONICA CUCUL (H/W) | : |
| | : |
| Plaintiffs, | : |
| | : |
| vs. | : |
| | : |
| GABRIEL BROTHERS, INC.; and, | : |
| | : |
| GABE'S; and, | : |
| | : |
| JOHN DOES 1-10 (fictitious Property Owner); and, | : |
| | : |
| JOHN DOES 11-21 (fictitious Property manager) | : |
| | : |
| Defendants. | : |

COURT OF COMMON PLEAS
PHILADELPHIA COUNTY

NOVEMBER TERM, 2021

NO. 01069

## STIPULATION

AND NOW, this        day of              , 2022, it is hereby agreed and stipulated to

by and between the undersigned on behalf of their respective clients that the damages in this

matter shall not exceed $75,000.00.

STARK & STARK

MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN

JOEL R. ROSENBERG, ESQUIRE
Attorney For Plaintiff

EDWARD J. TUITE, ESQUIRE
NICHOLAS D. BOWERS, ESQUIRE
Attorney For Defendants, Gabriel Brothers,
Inc. and "GABE'S"

Dated: